UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MARY GAUNCE, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5: 14-346-DCR |
| V. | ) |
| CL MEDICAL INC., et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant CL Medical, Inc.'s ("CL Medical") motion for partial dismissal of the claims asserted against it. [Record No. 24] CL Medical argues that Counts 4 through 9 of the Complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiffs Mary and Daniel Gaunce have not responded within the time provided by the Local Rules.[1] *See* Local Rule 7.1. As a result, the Court will evaluate the defendant's motion without the benefit of a response. For the reasons stated below, the motion will be granted.

**I.**

This action arises out of a surgery to treat stress urinary incontinence ("SUI") by implanting a mid-urethral sling. [Record No. 1, p. 11] Specifically, Mary Gaunce's surgeon used an I-STOP device. [*Id.*] Based on injuries alleged caused by the implantation, the plaintiffs filed this product liability action against CL Medical and Uroplasty, Inc. as U.S.

---

[1] Failure to timely respond to a motion may be deemed a waiver of opposition to the motion and an admission of its contents. *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

distributors of the I-STOP. [*Id.*, p. 10] The plaintiffs originally filed suit in the Superior Court of the State of California, Orange County, asserting claims based upon failure to warn, defective design, breach of express and implied warranties, fraud, fraud by concealment, negligent misrepresentation, and negligent infliction of emotional distress. [Record No. 1] Shortly thereafter, the case was removed to the United States District Court for the Central District of California. [*Id.*, p. 1] On August 25, 2014, pursuant to the parties' joint stipulation, the case was transferred to this Court. [Record No. 14]

**II.**

CL Medical moves to dismiss the following claims: (i) breach of implied warranty, (ii) breach of express warranty, (iii) fraud, (iv) fraud by concealment, (v) negligent misrepresentation, and (vi) negligent infliction of emotional distress. [Record No. 24] When examining a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

### III.

#### A. Breach of Warranty

CL Medical argues that the plaintiffs' breach of implied and express warranty claims (Counts 4 and 5) fail as a matter of law for lack of privity. [Record No. 24, p. 3] Under Kentucky law, privity of contract is an essential element of a claim for breach of warranty. *Pruitt v. Genie Indus.*, 2013 U.S. Dist. LEXIS 4035, at *12 (E.D. Ky. Jan. 10, 2013). As a rule, privity of contract does not extend beyond the buyer-seller setting, and an intervening purchaser destroys privity. *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006).

The plaintiffs have not alleged that they purchased the I-STOP directly from CL Medical. Instead, they admit that CL Medical "sold the device to Plaintiff's physician or a facility with which he was affiliated." [Record No. 1, p. 27] It was Gaunce's doctor, not Gaunce, who purchased the device. Because the Complaint fails to show that the plaintiffs and CL Medical were in a buyer-seller relationship, the plaintiffs are not in privity with CL Medical. *See Allen v. Abbott Labs.*, 2012 U.S. Dist. LEXIS 363 (E.D. Ky. 2012), *Munn v. Pfizer Hosp. Products Group, Inc.*, 750 F. Supp. 244, 248 (W.D. Ky. 1990) (dismissing an

implied warranty claim because the doctor and not the patient had purchased surgically implanted nails). Accordingly, the plaintiffs' breach of warranty claims will be dismissed.

      **B.**      **Fraud and Fraud by Concealment**

CL Medical next challenges the plaintiffs' claims of fraud (Count 6) and fraud by concealment (Count 7). Because a claim of fraud creates a "high risk of abusive litigation," plaintiffs asserting these claims must satisfy the more stringent pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1101 (6th Cir. 2010). Rule 9(b) requires that a plaintiff state a claim with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

Rule 9(b) requires that the plaintiffs allege, at a minimum: (1) the time, place, and content of any allegedly false representations; (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (applying Kentucky law). Similarly, a party asserting a fraudulent concealment (or fraud by omission) claim must specify "the who, what, when, where, and how" of the alleged omission. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 255-56 (6th Cir. 2012). Such allegations ensure that a defendant receives at least the "minimum degree of detail necessary to begin a competent defense." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008).

In this case, the plaintiffs allege, *inter alia*, that the defendants "falsely and fraudulently represented to Plaintiff, her physicians, and to members of the general public that the aforesaid product was safe, effective reliable, consistent, and better than other similar

procedures for stress urinary incontinence when used in the manner intended by the manufacturer." [Record No. 1, p. 35]  The plaintiffs also allege that "Defendants intentionally concealed and/or failed to disclose the true defective nature of the I-STOP so that Plaintiff and/or her physicians would request and purchase the I-STOP." [*Id.*, p. 37]  But this is not enough.  The plaintiffs do not specify the time, nature, and place of the communications or omission.  No fraudulent communication or its source is identified.  The Complaint discusses CL Medical's allegedly fraudulent actions and omissions only at a high level of generality, insufficient to sustain claims of fraud and fraudulent concealment under Rule 9(b)'s heightened pleading standard.  *See Republic Bank & Trust Co.*, 683 F.3d at 256.

   **C.   Negligent Misrepresentation**

The plaintiffs claim that CL Medical was involved in the design, manufacture, development, labeling, marketing, distribution, and sale of I-STOP. [Record No. 1, p. 38] The defendant asserts that the claim of negligent misrepresentation (Count 8) should be dismissed because it is not adequately pled and does not state a claim for relief under *Iqbal* and *Twombly*. [Record No. 24, p. 12]  More specifically, it argues that, while the Complaint contains boilerplate allegations of purported misrepresentations related to the I-STOP in paragraphs 146-149, [Record No. 1, p. 38] the plaintiffs fail to identify any *specific* misrepresentation, communication, labeling, or other material that the defendant transmitted or authored.  [Record No. 24, p. 12]

Neither Count 8 nor the paragraphs that it incorporates contain sufficient factual assertions to overcome the defendant's motion to dismiss.  Under Kentucky law, the plaintiffs must identify the false or misleading information provided by the specific defendant.  *Slone v. CL Med., Inc.*, 2013 U.S. Dist. LEXIS 174510, at *7 (E.D. Ky. Dec. 13,

2013); *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 746 (Ky. 2011). Additionally, they must demonstrate the following: (i) the subject plaintiff was a reasonably foreseeable recipient of the information; (ii) she justifiably relief on the information; (iii) she exercised reasonable care in relying on the information; and (iv) the false statements allegedly made by the defendant were a proximate cause of the plaintiff's damage. *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 580 (Ky. 2004). The defendant also correctly asserts that claims of negligent misrepresentation in this jurisdiction must be pled with particularity. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 260 (6th Cir. 2012) (the heightened pleading standard of Rule 9(b) applies to claims of negligent misrepresentation). The plaintiffs have failed to meet this standard regarding any alleged misrepresentations by Defendant CL Medical.

Kentucky law limits negligent misrepresentation claims to instances where a party is in the business of "supplying false information for the guidance of others in their business transactions." *Our Lady of Bellefonte Hosp., Inc. v. Tri-State Physicians Network, Inc.*, 2007 U.S. Dist. LEXIS 72286, at *7 (E.D. Ky. Sept. 27, 2007). As noted by the Supreme Court of Kentucky, the language of a negligent representation claim "is poorly suited to a product sale." *Presnell Construction Managers, Inc., v. EH Construction, LLC*, 134 S.W.3d 575 (Ky. 2004). In fact, there are no Kentucky cases recognizing a negligent misrepresentation claim based on statements made in advertising a defective product. *Baird v. Bayer Healthcare Pharms., Inc.*, 2013 U.S. Dist. LEXIS 156667 (E.D. Ky. Oct. 31, 2013).

The plaintiffs' negligent misrepresentation claim is based on CL Medical's alleged representations to the medical and healthcare community. [Record No. 1, p. 38] Allowing a negligent misrepresentation claim to proceed in this context would improperly expand this

cause of action. The Court declines any invitation to extend this claim beyond the present limits set by the Kentucky Supreme Court. *See Baird*, 2013 U.S. Dist. LEXIS 156667.

### D.  Negligent Infliction of Emotional Distress

In Kentucky, negligent infliction of emotional distress is analyzed in accordance with common law negligence, requiring proof of duty, breach, causation, and damage. *See Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). In addition, a plaintiff's emotional distress "must be severe or serious," meaning that "a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case." *Id.* at 9.

Here, the plaintiffs' Complaint is void of any factual allegations of mental distress. Even reading the Complaint generously construed in the Gaunces' favor, the plaintiffs have made only conclusory allegations, unsupported by facts, asserting only that they were "directly impacted by Defendants' carelessness and negligence" and suffered emotional distress "as a direct result of being implanted with the I-STOP marketed, sold, and or distributed by Defendants." [Record No. 1, p. 39] Such "naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim for negligent infliction of emotional distress. *Iqbal*, 556 at 678.

Further, the plaintiffs' claim for negligent infliction of emotional distress (Count 9) relies on their claim for negligent misrepresentation (Count 8). [*See* Record No. 1, p. 39.] As noted above, the plaintiffs have inadequately stated a negligent misrepresentation claim. Therefore, the claim for negligent infliction of emotional distress also fails.

## IV.

The Complaint fails to adequately plead actionable claims of breach of express and implied warranty, fraud, fraud by concealment, negligent misrepresentation, and negligent infliction of emotional distress. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant CL Medical's motion to for partial dismissal [Record No. 24] is **GRANTED**.

2. The claims contained in Count 4 through Count 9 of the plaintiffs' Complaint [Record No. 1] are **DISMISSED**.

This 2nd day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge